[Civ. No. 45585. Second Dist., Div. Two. Oct. 20, 1975.]

FRANK V. TRANI, Plaintiff and Respondent, v.
R. G. HOHMAN ENTERPRISES, INC., Defendant and Appellant.

## COUNSEL

Hitchcock, Bowman, Mallano & Poole and Paul A. Ginsburg for Defendant and Appellant.

George M. Stephenson for Plaintiff and Respondent.

## OPINION

**FLEMING, Acting P. J.**—Frank Trani sued R. G. Hohman Enterprises, Inc., on separate causes of action for money due on a promissory note and on an account stated. The trial court granted plaintiff summary judgment only on the cause of action on the promissory note and ordered "that the above Judgment is a separate Judgment, and that the above entitled action shall proceed as to the issues remaining between the parties." Plaintiff sought to execute on the judgment, and defendant has appealed, contending the trial court lacked power to enter a "separate judgment."

Defendant is right on its law but wrong in its remedy. There can be but one final judgment in an action, and that judgment must resolve all causes of action pending between the parties. (*Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357].) Thus a partial summary judgment remains interlocutory so long as the proceeding in

which it was rendered is still pending. (*Rich* v. *Siegel,* 7 Cal.App.3d 465, 469 [86 Cal.Rptr. 665].) Since a second cause of action is still pending between the parties at bench, and since the two actions have never been severed into separate lawsuits (Code Civ. Proc., § 1048), the trial court's entry of a "separate judgment" on one cause of action was patently void.

By the same reasoning, however, no appeal lies from the trial court's order. An appeal from a premature judgment must be dismissed. (*Crofoot* v. *Crofoot,* 132 Cal.App.2d 794, 797 [283 P.2d 283].) Defendant's appropriate remedy would be petition for writ of mandate. (*Vasquez* v. *Superior Court,* 4 Cal.3d 800, 806-807 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].)

The appeal is dismissed.

Compton, J., and Beach, J., concurred.