[Civ. No. 21722. Third Dist. Oct. 12, 1982.]

BOBBY J. ETIENNE, Plaintiff and Appellant, v.
DKM ENTERPRISES, INC., Defendant and Respondent.

COUNSEL

Clifton M. H. Higbe for Plaintiff and Appellant.

Porter, Scott, Weiberg & Delehant, Steve Block and Bradley R. Larson for Defendant and Respondent.

OPINION

**PUGLIA, P. J.**—Raphel and Bobby Etienne commenced this action after Raphel injured his arm while attempting to cut down a tree with a chainsaw supplied by defendant. The first four causes of action of the

complaint involve only Raphel and relate to the injuries he received in the accident. The fifth and sixth causes of action involve only plaintiff Bobby, Raphel's alleged common law wife, who seeks damages for negligent infliction of emotional distress and for loss of consortium. Defendant moved for summary judgment as to the fifth and sixth causes of action. The motion was supported by competent proof that Bobby and Raphel were not legally married. Under the circumstances of this case, and as tacitly assumed by the parties, lawful marriage to Raphel is an essential element of Bobby's cause of action both for negligent infliction of emotional distress (*Drew* v. *Drake* (1980) 110 Cal.App.3d 555, 557-558 [168 Cal.Rptr. 65]) and for loss of consortium (*Tong* v. *Jocson* (1977) 76 Cal.App.3d 603, 605 [142 Cal.Rptr. 726]).

The trial court granted defendant's summary judgment motion, ruling that plaintiffs' counterdeclarations were insufficient as a matter of law to establish a common law marriage under the laws of the State of Texas. The first four causes of action contained in the complaint relating to Raphel are not affected by the order granting summary judgment. Bobby appeals. We shall affirm.

## I.

■ The appeal is taken from an order which does not dispose of all the causes of action in the complaint. We first consider whether such an appeal is cognizable. Although the trial court has authority to grant partial summary judgment (Code Civ. Proc., § 437c), the general rule is that such an order is reviewable only upon an appeal from the final judgment ultimately rendered in the case. (*King* v. *State of California* (1970) 11 Cal.App.3d 307, 310 [89 Cal.Rptr. 715]; *Swaffield* v. *Universal Ecsco Corp.* (1969) 271 Cal.App.2d 147, 173, [76 Cal.Rptr. 680].) The general rule does not apply, however, when one of multiple parties seeks review of a disposition which as to him leaves no issue to be determined. (See *Justus* v. *Atchison* (1977) 19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122]; *Buckaloo* v. *Johnson* (1975) 14 Cal.3d 815, 821, fn. 3 [122 Cal.Rptr. 745, 537 P.2d 865].) In this case, the order granting partial summary judgment disposed of all the causes of action involving Bobby. "[I]t better serves the interests of justice to afford prompt appellate review to a party whose rights or liabilities have been definitively adjudicated than to require [her] to await the final outcome of trial proceedings which are of no further concern to [her]." (*Justus* v. *Atchison, supra,* 19 Cal.3d at p. 568.) Accordingly, we deem the order granting partial summary judgment, under the facts of this case, to be appealable. (*California State Employees' Assn.* v. *State of California* (1973) 32 Cal.App.3d 103, 106, fn. 1 [108 Cal.Rptr. 60].)

## II.

■ We must determine whether the trial court correctly ruled the counterdeclarations submitted by Bobby and Raphel, the sole evidence in support of their claim of a common law marriage, are insufficient as a matter of law to raise an issue of fact.

In California, only ceremonial marriages may be contracted. (Civ. Code, § 4100.) However, California does recognize common law marriages validly created in states which allow such marriages. (Civ. Code, § 4104; *Colbert* v. *Colbert* (1946) 28 Cal.2d 276, 280 [169 P.2d 633].) Texas is one of those states.

Texas Family Code Annotated (Vernon 1975) title 1, section 1.91, provides in pertinent part: "(a) In any judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that: . . . [¶] (2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married. . . ."

Bobby and Raphel are California domiciliaries. In their counterdeclarations, Bobby and Raphel declare they have lived together (in California) for more than eight years and have on more than one occasion vacationed in the State of Texas where they remained for as long as seven to eight days. While in Texas they agreed and understood they were married and there told family members they were married.

The trial court ruled this evidence insufficient as a matter of law to satisfy the Texas requirements of a valid common law marriage. We agree. The evidence fails to establish cohabitation or holding out in the State of Texas.

In *Kelly* v. *Consolidated Underwriters* (Tex.Civ.App. 1927) 300 S.W. 981, affirmed in *Consolidated Underwriters* v. *Kelly* (Tex.Com.App. 1929) 15 S.W.2d 229, the appellant sought to collect death benefits as the wife of a deceased worker killed in an industrial accident. Appellant and deceased had lived together, holding themselves out as husband and wife continuously for 18 years in Louisiana, a state in which common law marriages could not be consummated. During four years of this period the deceased had been temporarily employed in several nearby states, including Texas, in which common law marriages could be consummated. Appellant had visited him in all of these states for periods of one to three

months during which she and the deceased cohabited and held themselves out as husband and wife. On the facts shown, the Texas Court of Civil Appeals denied legal effect to the relationship, characterizing as a "temporary sojourn" the habitation of the deceased and appellant in the states providing for common law marriages which "did not convert their illegal relations into a lawful marriage." (300 S.W. at p. 982.)

The weight of authority elsewhere also holds that a brief sojourn in a state in which common law marriage can be consummated does not satisfy the requirement of cohabitation necessary to validate such a marriage.

*In re Estate of Stahl* (1973) 13 Ill.App.3d 680 [301 N.E.2d 82] is a case in point. Plaintiff sought to assert her right to the intestate share of decedent's estate based on the claim that she and decedent lived together in Illinois. At one point during their relationship the parties traveled to Texas for a period of three days for the purpose of vacation and consideration of Texas as a future retirement site. The evidence suggested the parties held themselves out as husband and wife during their stay in Texas and privately exchanged marital vows in their hotel room. In denying plaintiff's claim, the court held: "Assuming that the agreement between the parties and the representations made to others while in Texas sufficiently meets two requirements of the statute, it is questionable whether the brief visit satisfies the third requirement of cohabitation within that state. Such provision could easily be construed as a self-imposed jurisdictional limitation to prevent mere transients from declaring themselves legally married under Texas law." (*In re Estate of Stahl, supra,* 301 N.E.2d at p. 84; accord, *Grant* v. *Superior Ct. in and for County of Pima* (1976) 27 Ariz.App. 427 [555 P.2d 895.]

*Wharton and Wharton* (1982) 55 Ore.App. 564 [639 P.2d 652], is also instructive. In *Wharton,* the parties were Oregon domiciliaries. Plaintiff contended that she and defendant established a common law marriage pursuant to Idaho law. Oregon, like California, recognizes a common law marriage if the marriage was valid where consummated. (*Walker* v. *Hildenbrand* (1966) 243 Ore. 117, 119 [410 P.2d 244].) The evidence indicated that over a 10-year period the couple spent an average of 10 days each year in Idaho, and at all times while in Idaho conducted themselves as a married couple and were considered to be married by their relatives and by business and social contacts in both Idaho and Oregon. Notwithstanding that the Idaho common law marriage

statute does not expressly require cohabitation "in the State of Idaho," the court held a common law marriage pursuant to Idaho law had not been established.[1] "In this case, the parties' contacts with Idaho were that of mere visitors. Although there were a great number of trips by the parties to Idaho, each visit was a temporary sojourn for business or pleasure. . . . . We conclude that the parties' contacts with Idaho were insufficient to constitute the basis of a common law marriage under Idaho law." (*Wharton and Wharton, supra,* 639 P.2d at p. 654; accord, *Walker* v. *Hildenbrand, supra,* 410 P.2d 244; *State* ex rel. *Smith* v. *Superior Ct.* (1945) 23 Wn.2d 357 [161 P.2d 188]; *In re Koshman's Estate* (1955) 77 Idaho 96 [288 P.2d 652]; cf. *Matter of Estate of Willard* (1979) 93 N.M. 352 [600 P.2d 298].)

We are persuaded by our review of the cases in which the issue has been considered that a brief sojourn whether for business or social purposes by a nondomiciliary couple in a state which provides for the creation of a common law marriage is insufficient to consummate such a marriage. Here over the span of eight years plaintiffs, California domiciliaries, were in Texas for two separate periods of seven to eight days with no intention of establishing either a Texas domicile ·or residence.

Bobby relies on *Estate of McKanna* (1951) 106 Cal.App.2d 126 [234 P.2d 673], for the proposition that the cohabitation and holding out necessary to sustain the claim of a common law marriage in Texas need not occur exclusively in that state. The authority cited for that proposition (*McKanna, supra,* at pp. 130-131) antedates enactment by the Texas Legislature in 1969 of the Family Code which expressly requires cohabitation and holding out in the State of Texas to effectuate a valid common law marriage. (See Tex. Gen. Laws (1969) ch. 888, pp. 2707, 2717.) Clearly, *McKanna* is not authority for the present requirements of Texas law.

The trial court correctly ruled the evidence presented was insufficient as a matter of law to demonstrate a valid common law marriage under the laws of Texas. Summary judgment was properly granted.

---

[1]Idaho law provides: "Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization, or by a mutual assumption of marital rights, duties or obligations." (Idaho Code, § 32-201.)

"Consent to and subsequent consummation of marriage may be manifested in any form, and may be proved under the same general rules of evidence as facts in other cases." (Idaho Code, § 32-203.)

The order is affirmed.

Blease, J., and Sparks, J., concurred.

On November 10, 1982, the opinion was modified to read as printed above.