[Civ. No. 69181. Second Dist., Div. One. Dec. 28, 1983.]

MONICA NIEDERER, Individually and as Custodian, etc., Plaintiff and Respondent, v. FRANK E. FERREIRA, Defendant and Appellant.

**COUNSEL**

Lewitt, Hackman, Hoefflin, Shapiro & Herzog and George M. Wiener for Defendant and Appellant.

Monica Neiderer, in pro. per., for Plaintiff and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Defendant, Frank E. Ferreira, appeals from an order specifying issues without substantial controversy entered against him

and in favor of plaintiff, Monica Niederer, individually and as custodian for her four children.

Plaintiff filed an action for damages for breach of a written guaranty against B. A. Paine, Barbara Paine and Frank E. Ferreira. The first amended complaint alleged: Plaintiff and her four children were the sole shareholders of a corporation known as Barnard Instruments, Inc. In 1974, plaintiff, acting on behalf of the corporation, offered all of its assets for sale. Defendant B. A. Paine, not a party to this appeal, made an offer to purchase such assets, offering as consideration a down payment in cash together with a promissory note for the balance of the purchase price to be secured by the personal guaranty of defendant Frank E. Ferreira. Paine submitted a copy of Ferreira's financial statement with the written offer. The offer was accepted and a bill of sale was executed and delivered by the seller to Mr. Paine's corporation, Paine Instruments, Inc., along with seller's physical assets which were the subject of the sale. Paine Instruments, Inc. delivered to plaintiff for the corporation its promissory note, executed by defendants B. A. Paine and Barbara Paine as president and secretary of Paine Instruments respectively. The promissory note included the written guaranties of B. A. Paine, Barbara Paine and defendant Ferreira for payment of all amounts due pursuant to the note. Said guarantors executed these guaranties on the face of the note.

Approximately one year later, plaintiff filed a corporate certificate of election to wind up and dissolve. On December 29, 1975, she executed a document on behalf of the corporation transferring the remaining corporate assets, including the note from buyer Paine Instruments, to herself, individually, and as custodian for her children. Buyer made payments on the note until April 1979. In September 1979, plaintiff made written demand for payment of the balance then due on Paine Instruments, Inc. and on each guarantor, including defendant Ferreira; no payment was made. In 1980, Paine Instruments, Inc. filed a petition in bankruptcy; there was no distribution from the estate and the corporate purchaser was discharged in bankruptcy when the principal amount due on the note was $10,255.32 with interest at 9 percent per annum; the three guarantors defaulted on their guaranties.

In his answer to the first amended complaint, Ferreira alleged two affirmative defenses: the complaint fails to state facts sufficient to constitute a cause of action, and the claim is barred in whole or in part for total lack of consideration. On December 2, 1982, plaintiff moved for summary judgment against Ferreira or, in the alternative, for an order specifying issues without substantial controversy. The motion was heard, and the court found good cause to grant summary judgment; however, plaintiff's counsel re-

quested the court to enter instead, an order specifying issues without substantial controversy. Twenty-three issues were designated as without controversy in the order essentially establishing plaintiff's case in chief as alleged in her complaint. The order stated that defendant's first affirmative defense, "failure to state facts sufficient to state a cause of action, does not state facts sufficient to constitute a defense." The order also determined: "With respect to the Second Affirmative Defense of defendant Frank E. Ferreira that the guaranty is not enforceable on the grounds of 'total lack of consideration,' Monica Niederer has made a prima facie showing of consideration for said guaranty." The order did not otherwise address the proof of that defense; that issue remains for determination at trial.

Pursuant to section 437c, Code of Civil Procedure, the trial court has authority to grant an order specifying issues that are without substantial controversy, and "[a]t the trial of the action the issue so specified shall be deemed established and the action shall proceed as to the issues remaining."[1] ▄ The purpose of the order, which is governed on appeal by the rules generally applicable to summary judgments (*Tauber-Arons Auctioneers Co.* v. *Superior Court* (1980) 101 Cal.App.3d 268, 273 [161 Cal.Rptr. 789]), "is to dispose of one or more issues before trial so that the parties may focus on the questions remaining." (*Conway* v. *Bughouse Inc.* (1980) 105 Cal.App.3d 194, 202 [164 Cal.Rptr. 585].) ▄ Respondent contends the order specifying issues without substantial controversy is not here an appealable order. We agree. The order is not appealable either by statute (§ 904.1, Code Civ. Proc.) or under the one judgment rule the reason for which "is that 'piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and . . . a review of intermediate rulings should await the final disposition of the case. [Citations.]'" (*Knodel* v. *Knodel* (1975) 14 Cal.3d 752, 760 [122 Cal.Rptr. 521, 537 P.2d 353].)

▄ In reviewing an order specifying issues without substantial controversy, we are bound by the rules generally applicable to review of summary judgments. (*Tauber-Arons Auctioneers Co.* v. *Superior Court, supra,* 101 Cal.App.3d 268, 273.) Thus we look to the one judgment rule as applied to partial summary judgment. (*Trani* v. *R. G. Hohman Enterprises, Inc.* (1975) 52 Cal.App.3d 314, 315-316 [125 Cal.Rptr. 34].) Section 437c, Code of Civil Procedure, provides in subdivision (j): "Except where a separate judgment may properly be awarded in the action, no final judgment shall be entered on a motion for summary judgment prior to the termination

---

[1]In 1982, section 437c, Code of Civil Procedure, was amended by creating lettered subdivisions. The foregoing cited portion of section 437c became part of subdivision (f) on January 1, 1983. The within order was made on December 30, 1982, at a time when the paragraphs of section 437c were not lettered subdivisions.

of the action, but the final judgment shall, in addition to any matters determined in the action, award judgment as established by the summary proceeding herein provided for." The statute thus allows entry of a partial summary judgment before the remaining issues are tried. (*Worth* v. *Asiatic Transpacific, Inc.* (1979) 93 Cal.App.3d 849, 856 [156 Cal.Rptr. 110].)
■ "There can be but one final judgment in an action, and that judgment must resolve all causes of action pending between the parties. [Citation.]
■ Thus a partial summary judgment remains interlocutory so long as the proceeding in which it was rendered is still pending. [Citation.]" (*Trani v. R. G. Hohman Enterprises, Inc., supra,* 52 Cal.App.3d 314, 315-316.) However, nonappealability of a partial summary judgment is not an absolute rule. In *Worth* v. *Asiatic Transpacific, Inc., supra,* 93 Cal.App.3d 849, all that remained after the granting of partial summary judgment was the adjudication of a cross-complaint. The court said that the existence of an unresolved cross-complaint "would not preclude the trial court granting a partial summary judgment which was appealable." (P. 856.) But this is not the *Worth* case.

In *DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 430-437 [160 Cal.Rptr. 899], the issue before this court was whether a summary judgment on one of eight causes of action was an appealable judgment or order. Stating the general rule that there can be but one final judgment in an action, and that is one which finally determines the rights of the parties in relation to the matter in controversy, the court pointed up the recognized exceptions to the rule. "The first exception applies where the judgment disposes of all issues to be determined as to one party." (P. 431.) This exception does not apply in the instant case as there remains for determination between appellant and respondent the issue of lack of consideration for the promissory note, a determination which will govern the outcome of the action between the two parties. The court in *DeGrandchamp* noted another exception—where the causes of action not disposed of are separate and distinct from the cause of action upon which judgment is rendered. (P. 435.) Because the complaint here contains only one cause of action, neither does this exception apply.[2] Nor does the most relevant exception noted in *DeGrandchamp*—"where all issues necessary to a disposition of the remaining causes of action have been decided by the trial court . . . or

---

[2]In *Beech Aircraft Corp.* v. *Superior Court* (1976) 61 Cal.App.3d 501 [132 Cal.Rptr. 541], the court compares a determination by summary judgment which is dispositive of an entire cause of action to a determination dispositive of some but not all of the issues necessary to dispose of a cause of action. Determinations of the first type "might result in an appealable judgment . . . Determinations of the second type do not result in appealable judgments." (*Id.,* at p. 517.) Our case is clearly of the second type. There is only one cause of action, the success of which is dependent upon the determination of defendant's affirmative defense of unenforceability of the guaranty for failure of consideration.

can be decided as a matter of law on the basis of the record. . ." (p. 433)—apply.

■ Appellant's remaining affirmative defense is that the guaranty is not enforceable on the ground of a total lack of consideration. His theory, as disclosed in his opposition to the motion and in his opening brief, is that plaintiff is not a holder in due course of the promissory note and is thus subject to such defense under California Uniform Commercial Code section 3306. He bases his assertion of her status on the method of transfer of the note, distinguishing between the note being negotiated to plaintiff and being simply assigned to her. Paragraph 13 of the order appealed from states: "On December 29, 1975, Niederer Instruments, Inc. [formerly Barnard Instruments, Inc.] transferred to Monica Niederer, pursuant to its plan of liquidation, all of its right, title and interest in the promissory note . . . ." The trial court did not characterize the method of transfer; that issue is left for determination at trial. Nor did the trial court predetermine the issue by its statement in paragraph 23 of the order that respondent had made a prima facie showing of consideration. Under Civil Code section 1614, a written instrument is presumptive evidence of consideration. Respondent attached as an exhibit to her motion the written promissory note which includes a recital of consideration for the guaranty contained therein; the prima facie showing was made. Appellant, as the party seeking to avoid enforcement of the guaranty, has the burden of proving his affirmative defense of want of consideration. (Civ. Code, § 1615; *Boswell* v. *Reid* (1962) 199 Cal.App.2d 705, 712 [19 Cal.Rptr. 29].)

■ Contrary to appellant's assertion, we do not find "the plaintiff has succeeded in securing a legal position assuring her of a victory at the conclusion of the proceedings and has successfully denied the appellant an opportunity of defending the action." All issues necessary to his defense have not been settled by the order. Appellant's success or failure of the defense is central to the outcome of the case and no final judgment may be entered prior to that adjudication. The order from which the purported appeal is taken is reviewable only upon an appeal from the final judgment ultimately to be rendered in the case. (*Etienne* v. *DKM Enterprises, Inc.* (1982) 136 Cal.App.3d 487, 489 [186 Cal.Rptr. 321].)

The appeal is dismissed.

Hanson (Thaxton), J., and Dalsimer, J., concurred.