**Dan TURSI, as administrator of the estate of C'esca Lawrence, an individual, Plaintiff—Appellant,**

v.

**LANE LABS, A NEW JERSEY CORPORATION, Defendant—Appellee.**

No. 01–57196.

D.C. No. CV–01–03647–SVW.

\* The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Dec. 18, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER * District Judge.

MEMORANDUM **

Dan Tursi, as administrator of the estate of C'esca Lawrence, appeals the district

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court's grant of summary judgment in favor of Lane Labs, Incorporated ("Lane"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts, and we need not recite them here.

In order to defeat a motion for summary judgment, the nonmoving party must show that more than "a mere scintilla of evidence" supports its case.[1] "[T]he record must be sufficient to lead a rational trier of fact to find for the non-moving party."[2] Tursi has not made the required showing. Accordingly, we affirm.

The district court properly analyzed the presumption of consideration under California Civil Code § 1614. Lane introduced sufficient evidence to make the presumption, which affects only the burden of production, disappear.[3] Thus, only two pieces of evidence support Tursi's argument that consideration, and therefore a valid contract, existed: (1) a provision of the agreement that supports the possibility that Lawrence released Lane from a prior agreement; and (2) Ghoneum's testimony that Lawrence either raised the issue of compensation at the January 15 meeting or later. Neither piece of evidence would allow a rational trier of fact to find for Tursi. Thus, we conclude that summary judgment was appropriate. Tursi has failed to show that he could meet his burden of proof at trial.[4]

AFFIRMED.

---

1. *See City of Vernon v. So. Cal. Edison Co.,* 955 F.2d 1361, 1369 (9th Cir.1992).

2. *Id.* (internal quotation marks omitted).

3. *See Rancho Santa Fe Pharmacy, Inc. v. Seyfert,* 219 Cal.App.3d 875, 880, 884, 268 Cal. Rptr. 505 (1990).

4. *City of Vernon,* 955 F.2d at 1369.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.