### In re OAKMORE RANCH MANAGEMENT, Debtor.

### Michael J. Welther, III, Appellant,

### v.

### James H. Donell; David Seror, Chapter 7 Trustee, Appellees.

**BAP No. CC–05–1168–BKPA.**
**Bankruptcy No. LA 94–16755–ER.**
**Adversary No. LA 96–01580–ER.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Filed Jan. 20, 2006.

tered at the time of the closing of a case is abandoned to the debtor ...."

John F. Shellabarger, Law Offices of John F. Shellabarger, Santa Barbara, CA, for appellant.

Theodore A. Cohen, Sheppard, Mullin, Richter & Hampton, Henley L. Saltzburg, Saltzburg, Ray & Bergman, Los Angeles, CA, for appellees.

Before: BRANDT, KLEIN and PAPPAS, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

After David Seror, the trustee in the chapter 7[1] bankruptcy of Oakmore Ranch Management, obtained a judgment against appellant Michael J. Welther, III, on behalf of the bankruptcy estate, he executed on funds owed to appellant by a third party. Because the promissory note evidencing the obligation was in his children's names, appellant contended he had no interest in the note, and thus it could not be levied upon; the bankruptcy court apparently found otherwise, and ordered the funds released to the trustee. This appeal ensued.

Appellant expressly waived any procedural error in the bankruptcy court, and did not provide an adequate record on appeal. But we AFFIRM because appellant has not shown that the bankruptcy court clearly erred in making the crucial factual finding which we discern in the incomplete record we do have.

We publish to highlight again—see In re Gertsch, 237 B.R. 160, 169 (9th Cir. BAP 1999)—the difficulties created when necessary findings are contained in tentative rulings which are neither designated for the record on appeal nor included in the excerpts. The problem is here exacerbated by the fact that the tentative ruling is neither docketed nor oral and thus available via transcript. But for the unique simplicity of this appeal, we (and any appellate court) would have no choice but to remand for findings or affirm because error cannot be shown from the record. The former would inflict considerable costs on all concerned, and the latter would be of no benefit to appellant.

## I. FACTS

The trustee obtained a $2.1 million judgment on behalf of the Oakmore Ranch Management bankruptcy estate against Welther on 31 March 1997. In 2004, while attempting to execute on the judgment, the trustee discovered Lillian Russell owed a debt to Welther. The debt was evidenced by a promissory note naming Welther's three minor children as payees, signed by Ms. Russell on 14 May 1999 for $111,000. Exhibit A to Opposition to Release Funds ... ("Note").

The trustee served a writ of execution on Ms. Russell in June 2004, providing a copy to Welther's counsel. Thereafter Ms.

---

1. Absent contrary indication, all "Code," chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 119–8, 119 Stat. 23, as the case from which the adversary proceeding and these appeals arise was filed before its effective date (generally 17 October 2005).

All "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "FRCP" references are to the Federal Rules of Civil Procedure.

All "CCP" references are to the California Code of Civil Procedure.

Russell and the trustee reached an agreement whereby Ms. Russell would make payments on the $87,650 balance of the Note directly to the trustee. Previously she had paid by offset against condominium rent owed to her by Welther. Ms. Russell's attorney sent a letter outlining this agreement to Welther's counsel on 27 August 2004.

Ms. Russell made payments under the agreement until December 2004, when she informed the trustee that Welther was asserting that the funds were owed to his children. She paid the remaining balance of $47,650 to the trustee in trust, pending a court order authorizing disposition of the funds.

On 11 February 2005 the trustee wrote Welther's counsel requesting that Welther stipulate to release of the funds; neither Welther nor his counsel responded. Shortly thereafter, the trustee moved for release of the funds. His motion erroneously alleged that the debt was evidenced by a promissory note dated 10 July 1991 for $110,000 in favor of Welther. Welther's response pointed out the error, which the trustee later conceded, and Welther, as proposed guardian ad litem for his children, opposed the motion, asserting that he had no interest in the Note. Welther asserted that the loan that gave rise to the note was funded with money from his children's trust fund, which was why the children were the payees. In reply, the trustee argued that, notwithstanding that the children were the named payees, the funds actually came from Welther and the beneficial interest in the Note was his.

The bankruptcy court promulgated a tentative ruling, apparently agreeing with the trustee's position, and entered an order authorizing release of the funds to the trustee. Welther timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1) and (B)(2)(A) and (O), and we do under 28 U.S.C. § 158(c).

## III. ISSUES [2]

A. Whether we should dismiss or affirm for Welther's failure to provide an adequate record; and

B. Whether the bankruptcy court clearly erred in concluding that Welther owned the beneficial interest in the Note.

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's findings of fact for clear error. Rule 8013. A factual finding is clearly erroneous if the appellate court, after reviewing the record, has a firm and definite conviction that a mistake has been committed. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). If two views of the evidence are possible, the trial judge's choice between them cannot be clearly erroneous. *Id.* at 574, 105 S.Ct. 1504.

## V. DISCUSSION

### A. *Record on Appeal*

■ Rule 8009(b)(5) requires that an appellant designate and provide a record that includes "the opinion, findings of fact, and conclusions of law filed or delivered orally ...." *See also* Rule 8006. Welther included a copy of the hearing transcript in the excerpts of record; that transcript suggests the court's findings were in its tenta-

---

**2.** The order also granted Welther's request to be appointed as guardian ad litem; that as-

pect of the order was not appealed.

tive ruling and counsel so indicated at argument. Welther did not provide that ruling in his excerpts. He bears the burden of presenting a complete record, *In re Kritt*, 190 B.R. 382, 387 (9th Cir. BAP 1995), and we need not look beyond the excerpts provided. *In re Kyle*, 317 B.R. 390, 394 (9th Cir. BAP 2004).

■ If a tentative decision is necessary to understanding the court's ruling, it must be included in the designation and the excerpts of the record. *Gertsch*, 237 B.R. at 169. Moreover, this appeal arises from a contested matter, and: "the court shall find the facts specially and state separately its conclusions of law thereon ...." FRCP 52(a), applicable via Rules 7052 and 9014.

■ We may remand when the absence of findings of fact and conclusions of law hinder our review. *In re Pham*, 250 B.R. 93, 99 (9th Cir. BAP 2000) (citing *In re Hotel Hollywood*, 95 B.R. 130, 133–34 (9th Cir. BAP 1988)). Or we could take judicial notice of the tentative ruling, which presumably explicates the court's findings, if it were in the docket, *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957–58 (9th Cir.1989), but it is not.

■ Further, as we said in *Kyle*, 317 B.R. at 393:

The settled rule on appellate records in general is that failure to provide a sufficient record to support informed review of trial-court determinations may, but need not, lead either to dismissal of the appeal or to affirmance for inability to demonstrate error.

. . . .

Moreover, the Ninth Circuit applies an abuse of discretion standard of review to bankruptcy appellate panel and district court decisions to affirm bankruptcy court orders summarily for noncompliance with nonjurisdictional proce-

dural requirements. It views such summary dispositions as tantamount to sanctions. This implies not only that we have discretion, but also that we should first consider whether informed review is possible in light of what record has been provided.

(citations omitted).

■ Where the tentative ruling contains findings on which the court's decision depends, and the court has neither made that ruling in written and docketed form nor orally on the record, prudent counsel will request that the court do one of those things, and then include the document or transcript in the record on appeal. This is not of concern solely to the disappointed party who may wish to appeal—if remand is necessary, the attendant costs and delay will be visited on all, and judicial economy will suffer.

■ In this instance, we can glean from the record sufficient indication of the crucial finding to permit review:

[Welther's counsel]: And I understand the basis of granting the motion is because there's no competent evidence showing there was an interest in the—or that the children had an interest in the trust or anything like that—

The Court: Right.

Counsel: —or the source of the funds in such a trust.

The Court: Yes.

Transcript, 5 April 2005, at 1–2. We construe this passage to indicate that the bankruptcy court found that the children had no interest in the note and, as the only alternative prospect was Welther, that the beneficial interest was his.

**B. Merits**

■ Welther contends that the children hold legal title to the Note as it is in their names, and that the trustee did not meet

his burden of coming forward with clear and convincing evidence that they do not also hold beneficial title. He cites to Cal. Evid.Code § 662, which provides: "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." Welther further argues, without citation, that the source of the funds for the loan underlying the note is irrelevant.

The trustee points out that the clear and convincing standard applies only where there is no challenge to legal title, citing *Murray v. Murray*, 26 Cal.App.4th 1062, 1068, 31 Cal.Rptr.2d 855, 858 (1994) (clear and convincing standard "applies when valid legal title is undisputed and the controversy involves only beneficial title").

■ We begin with the presumption that the payee and holder of a note is its owner. *Dysert v. Weaver*, 46 Cal.App. 576, 577–78, 189 P. 492 (1920); Cal. Evid.Code § 637. The trustee argues that he has challenged legal title throughout, and nothing in the record indicates who holds the note. Alternatively, the trustee argues that he met his burden even under the clear and convincing standard.

The trustee never explicitly challenged legal title in the bankruptcy court, but he did submit evidence to rebut the presumption that the beneficial interest in the Note belongs to the children. He asserted in the bankruptcy court that Welther's denial of an interest in the note was not credible because Welther knew Ms. Russell had been making payments to the trustee for nearly six months before he objected, the children could not have funded the loan to Ms. Russell in 1999, and Welther had established a pattern of fraudulently hiding assets.

In support, the trustee provided the Declaration of Henley L. Saltzburg, attaching:

1. State court complaint in which Welther alleges that funds for the loan represented by the Note were procured "primarily from *his Retirement Account* and his children's Social Security monies" (emphasis in original);

2. Interpleader complaint arising out of a "scam" whereby Welther allegedly loaned funds to Ms. Russell's sister but made Welther's sister Barbara payee on the note. Barbara interpleaded the funds received as payment on that note, requesting a determination of the ownership and application of the funds. Judgment was entered against Welther in that proceeding; and

3. Excerpts from Welther's 13 July 2004 deposition wherein he states that his children each receive Social Security of $800–$900 per month. The trustee argues that, as the children were aged two and five at the time of the 1999 loan, they could not have amassed enough funds to have funded the loan, in addition to another investment of $140,000 about which Welther testified in his deposition.

Salzburg's declaration also indicates that he asked Welther for documents to substantiate the loan, but no records were ever produced.

Welther filed a declaration stating that in 1999 Ms. Russell borrowed $110,000 from his children, and that the monies came from the "minor children's account." In support, he attached excerpts from Ms. Russell's deposition testimony in the state court interpleader action, in which she testified that the funds came from Welther's "kids trust," and that she agreed to pay back the funds to "the kids." Welther Declaration, Exhibit B, pages 34–35.

The bankruptcy court concluded that there was insufficient evidence that the children had an interest in the Note, and correctly gave little weight to Ms. Russell's deposition testimony, because there is no

indication in her statements regarding the basis of her knowledge about the source of funds for the loan.

■ Under California law, virtually any admissible evidence that the holder of the note is *not* the owner is sufficient to rebut the presumption. *See Rancho Santa Fe Pharmacy, Inc. v. Seyfert,* 219 Cal.App.3d 875, 882, 268 Cal.Rptr. 505, 508–09 (1990) ("[W]hen the party against whom ... a presumption [affecting the burden of production] operates produces some quantum of evidence casting doubt on the truth of the presumed fact, the other party is no longer aided by the presumption."). With respect to the presumption that the holder of legal title is also the beneficial owner (a presumption affecting the burden of proof), the quantum of proof is higher. *Id.* The trustee prevails under either standard.

Because of the trustee's initial error in identifying the correct promissory note, arguably Welther had no chance to rebut the allegation that he held the beneficial interest—the trustee's arguments appeared for the first time in his reply brief. At the bankruptcy court hearing, counsel asked for additional time to produce more documentation, which the bankruptcy court refused. But Welther never requested an evidentiary hearing and, at oral argument on appeal his counsel, in response to our query, expressly waived any procedural defects which may have occurred in the bankruptcy court. In view of this waiver, we need not and do not address possible procedural issues such as the necessity for an evidentiary hearing, Rule 9014(d), or an adversary proceeding, Rule 7001, or whether the procedural requirements of California law were satisfied.

As there was evidence to support the finding that Welther held the beneficial interest in the note, it was not clearly erroneous, and we will affirm.

## VI. CONCLUSION

Welther's escape from remand for findings or affirmance for failing to provide an adequate record on appeal is to no avail: he has not shown clear error in the bankruptcy court's finding that he, rather than his children, held the beneficial interest in the Note. Accordingly, we AFFIRM.