In re Raymond Velmar LUND and Madelene Ann Lund, Debtors.

David KUAN, Appellant,

v.

Raymond Velmar LUND, Madelene Ann Lund, Appellees.

BAP No. CC–94–1904–HMoV.
Bankruptcy No. SA93–20321 JB.
Adv. No. SA93–02199 JB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and submitted June 20, 1996.

Decided Oct. 11, 1996.

David Kuan, Diamond Bar, CA, Appellant in pro. per.

No Appearance by Counsel for Appellee.

Before: HAGAN, MONTALI [1], and VOLINN, Bankruptcy Judges.

## OPINION

HAGAN, Bankruptcy Judge:

Raymond V. Lund and Madelene A. Lund ("Debtors") are chapter 7 debtors. David Kuan ("Kuan") is a creditor and former landlord of the Debtors. Kuan, appearing pro se, brought an action to have the Debtors' liability for back rent determined to be nondischargeable. After the close of Kuan's case at trial, the bankruptcy court granted a direct-

ed verdict for the Debtors. Kuan appeals. We AFFIRM the Bankruptcy Court's order.

## FACTS

The following discussion of the facts is based upon the evidence adduced at trial and the admissions of the parties.

The Debtors leased a house from Kuan beginning in July of 1988. At some point, the Debtors ceased to make rent payments. Sometime thereafter, the Debtors represented to Kuan that Mr. Lund had been injured in an accident, that he had filed a lawsuit to recover damages, and that the Debtors would pay Kuan the back rent from these proceeds. Although the Debtors eventually did recover $25,000 on a suit for legal malpractice, they did not pay Kuan. Kuan filed two unlawful detainer actions against the Debtors. Although the first was dismissed, Kuan received a default judgment in the second, permitting Kuan to recover possession of the property. The default judgment was entered on September 14, 1993.

The Debtors filed their bankruptcy case on September 21, 1993, prior to the Debtors' scheduled eviction from the property. The Debtors either moved out or were evicted in October of 1993.

On reentering the property, Kuan discovered that the house had suffered substantial amounts of damage. The testimony at trial indicated the house was infested with fleas; there were several holes in the drywall; there was graffiti or evidence of burning or smoke damage on one outside wall; and two windows had been broken. The swimming pool was cracked and some of the tile had fallen off. In addition, substantial amounts of garbage had been left on the premises, enough to fill 7–8 pickup trucks. Kuan paid $8,200.00 to have the house cleaned, which included replacing all the carpeting.

Kuan then brought an adversary proceeding against the Debtors, seeking to have the debts declared nondischargeable. Trial was held on June 22, 1994. The following claims for relief were presented. First, Kuan con-

---

1. Hon. Dennis Montali, Bankruptcy Judge for the Northern District of California, sitting by desig-
nation.

tended that the debts should be declared nondischargeable because the Debtors filed bankruptcy solely for the purpose of delaying their eviction. Second, Kuan contended that his claims should be declared nondischargeable under 11 U.S.C. § 523(a)(2) because the Debtors falsely represented that they would pay Kuan the back rent from the proceeds of their lawsuit, but they did not do so. Third, Kuan argued that his claims should be nondischargeable under 11 U.S.C. § 523(a)(6) because the Debtors willfully and maliciously damaged the house.

Kuan presented both his own testimony and the testimony of the person he hired to clean the house. In addition, he submitted some documentary evidence. At the close of Kuan's case, the Debtors moved for a directed verdict. The bankruptcy court granted the motion, finding that: (1) there was insufficient proof that the Debtors had defrauded Kuan by the timing of their bankruptcy; (2) there was insufficient evidence that the Debtors had defrauded Kuan by telling him that they would pay him from the proceeds of their lawsuit; and (3) that there was insufficient evidence that the damage to the house was caused by the Debtors, or that the Debtors did so willfully and maliciously.

The bankruptcy court stated that counsel for the Debtors was to prepare an appropriate order granting the motion. The court specifically assured Kuan that such an order would be entered, and that Kuan would have 10 days from the date of the order to file an appeal.

On or about June 22, 1994, the same date the court orally granted the motion for a directed verdict, a minute entry was filed with the clerk's office. This minute entry states that the case was dismissed. Beneath the words "SO ORDERED" is a signature line for the bankruptcy judge; this signature is illegible. The minute entry contains two boxes to be checked if either counsel or the court is to prepare an order; neither box is checked.

Kuan apparently wrote to the Debtors' counsel on at least two occasions, requesting that counsel prepare the order as directed by the court. The record does not contain any reply. Kuan finally filed a notice of appeal on July 27, 1994, noting that no final order had been entered as directed by the court.

## ISSUE

Whether the bankruptcy court properly granted the motion for a directed verdict for the Debtors.

## STANDARD OF REVIEW

The Debtors moved for a directed verdict in the case. A directed verdict is more properly applicable to cases tried before a jury, and is essentially comparable to a motion for summary judgment. The bankruptcy court properly recognized this, and stated that it was dismissing the case under Fed.R.Civ.P. 41(b) (as made applicable by Fed.R.Bankr.P. 7041).

However, the court misnamed the rule relied upon. In 1991 Fed.R.Civ.P. 41(b) was amended to delete the portion relevant to dismissing a nonjury action on the merits where the plaintiff had failed to carry its burden of proof. See Fed.R.Civ.P. 41 advisory committee note (1991). Such motions are now considered to be motions for a judgment based on partial findings, and are governed by Fed.R.Civ.P. 52(c). *Id.* Rule 52(c) applies in adversary proceedings. Fed. R.Bankr.P. 7052.

The court's findings of fact under Fed. R.Civ.P. 52(c) are reviewed for clear error, while its conclusions of law are reviewed de novo. *Tonry v. Security Experts, Inc.,* 20 F.3d 967, 970, 972 (9th Cir.1994); *Stone v. Millstein,* 804 F.2d 1434, 1437 (9th Cir.1986) (under prior version of Fed.R.Civ.P. 41(b)).

## DISCUSSION

*1. This Appeal is Not Untimely.*

 The first question involves whether the minute entry order is a final order for the purposes of appeal. *See Ross v. Thompson (In re Levine),* 162 B.R. 858, 859 (9th Cir. BAP 1994). If it is, then Kuan's notice of appeal was untimely filed, and the court lacks jurisdiction. Fed.R.Bankr.P. 8002(a) (notice of appeal must be filed within 10 days after the appealed order was entered).

The Court of Appeals for the Ninth Circuit has set forth the following rules regarding when a minute entry order is final for the purposes of appeal.

1. A minute order may constitute a dispositive order for notice of appeal purposes if it (1) states that it is an order; (2) is mailed to counsel; (3) is signed by the clerk who prepared it; and (4) is entered on the docket sheet. *Carter* [*v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186 (9th Cir.1989), *cert. denied*, 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990) ]; *Beaudry [Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751 (9th Cir.), *cert. denied*, 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986) ].

2. If an oral ruling, or a minute order that does not meet the requirements of *Carter* and *Beaudry*, is not followed by a ·properly entered dispositive order, this court will have appellate jurisdiction when a notice of appeal is filed any time after the district court's ruling.

*Ingram v. Acands, Inc.*, 977 F.2d 1332, 1338– 39 (9th Cir.1992) (citations and footnote omitted; emphasis added).[2]

In the present case, the minute entry states that it is an order, and it is signed; but there is nothing to indicate that it was mailed to counsel, nor was the minute entry entered on the docket sheet. Because the minute entry does not meet the four requirements noted above, Kuan's notice of appeal falls under the alternative rule, and is treated as timely filed. *Ingram*, 977 F.2d at 1339.

*2. Motion For Judgment on Partial Findings.*

■ On a motion under Fed.R.Civ.P. 52(c), "[t]he judge is the trier of fact and 'may weigh and consider the evidence and sustain defendant's motion̦ though plaintiff's evidence establishes a prima facie case that would have precluded a directed verdict for defendant in a jury case.'" *Stone*, 804 F.2d at 1437 (quoting 5 Moore's Federal Practice ¶ 41.13[4], at 41–193 through 94 (2d ed.1980)).

■ The court concluded that Kuan had presented insufficient evidence to support a finding that the Debtors had engaged in nondischargeable conduct. Debts for willful and malicious injury to property are nondischargeable under 11 U.S.C. § 523(a)(6). Under this standard, Kuan was required to show the Debtors performed an act with the intention to perform the act, and that they actually knew or reasonably foresaw that injury to Kuan would result. *See Britton v. Price (In re Britton)*, 950 F.2d 602, 605 (9th Cir.1991). Here, virtually all of the damage complained of involved not an affirmative act by the Debtors, but rather a failure to act. The bankruptcy court did not clearly err in finding that these failures to act were not willful or malicious. The remaining damage (graffiti or smoke patterns, broken windows, holes in drywall) might have been the result of intentional acts by the Debtors, but they might also have been performed unintentionally. The bankruptcy court was unpersuaded, and this finding was not clearly erroneous.

■ More problematic was the court's ruling regarding the Debtors' statements that they would pay the back rent once they obtained the money from their lawsuit. The bankruptcy court relied upon a causation theory, stating that the Debtors would only be liable for a promise to make future rent payments from the lawsuit proceeds. However, if the Debtors made false representations regarding payment for the purpose of inducing Kuan to permit them to stay longer without paying rent, then the Debtors obtained "property" (possession of the house without presently making rent payments) through "false pretenses, a false representation, or actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(A). Here, Kuan presented no testimony as to when the Debtors made the allegedly false representation, and thus Kuan made no showing that he allowed the Debtors to incur any additional unpaid rent payments in reliance on the statements.

---

2. *In re Schimmels*, 85 F.3d 416 (9th Cir.1996), recently decided by the Ninth Circuit Court of Appeals, does not compel a different result. There the bankruptcy court issued an order that

"was clearly intended as the final disposition of the case" (85 F.3d at 422) while here the court directed Debtors' counsel to prepare and submit the dispositive order.

Further, the representation that the Debtors would pay the debt upon receiving the proceeds of a lawsuit is a promise, not a statement of fact. A debtor must make a promise while knowing it to be false at the time in order to support a nondischargeability action under 11 U.S.C. § 523(a)(2)(A). *See Citibank (South Dakota) N.A. v. Lee (In re Lee),* 186 B.R. 695, 699 (9th Cir. BAP 1995) (mere failure to fulfill promise to pay debt is dischargeable, unless debtor made promise while not intending to pay or knowing that payment would be impossible). No evidence was introduced to show that the Debtors knew their promise to pay was false at the time made, nor is there sufficient evidence to infer such an intent. *Cf. Lee,* 186 B.R. at 699 & n. 4 (listing numerous factors to be examined in determining if debtor used credit card with intent not to pay; debts should not be held nondischargeable even if the debtor's hope of repayment was "'unrealistic in hindsight'") (quoting *In re Eashai,* 167 B.R. 181, 185 (9th Cir. BAP 1994)).

Although the court may dismiss a chapter 7 bankruptcy for substantial abuse, 11 U.S.C. § 707(b), the bankruptcy court properly found no evidence that the Debtors' bankruptcy petition actually defrauded Kuan.

Kuan presents numerous other arguments why the Debtors should be denied a discharge. These arguments were not presented to the bankruptcy court, and are therefore waived. *Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir.1995) (pro se litigant who failed to plead retaliatory discharge cause of action in complaint had waived issue on appeal), *cert. denied sub nom. Brazil v. Dalton,* —— U.S. ——, 116 S.Ct. 1317, 134 L.Ed.2d 470 (1996).

## CONCLUSION

Kuan's appeal was timely filed. The court's conclusion that Kuan failed to present sufficient evidence to meet his burden of proof was not clearly erroneous. We AFFIRM.