**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CHRISTIAN GADBOIS,<br>　　　　Debtor. | BAP No. CC-23-1012-LSF<br><br>Bk. No. 2:19-bk-10187-VZ |
| CHRISTIAN GADBOIS,<br>　　　　Appellant,<br>v.<br>MINTER FIELD AIRPORT DISTRICT,<br>　　　　Appellee. | Adv. No. 2:21-ap-01158-VZ<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent P. Zurzolo, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Debtor Christian F. Gadbois appeals the bankruptcy court's entry of judgment in favor of defendant Minter Field Airport District (the "District") in his adversary proceeding against the District seeking reinstatement of an office lease and damages for violation of the automatic stay. After a half day of trial, and after Gadbois rested his case, the District

---

<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

made an oral motion for judgment in its favor under Civil Rule 52(c),[1] made applicable to this matter by Rule 7052. The motion, as articulated by the District, was based on "the doctrine of estoppel," that being the complete disconnect between Gadbois' bankruptcy filings, and the allegations in his adversary complaint. The bankruptcy court found that estoppel was appropriate, granted the motion, and entered judgment in favor of the District. We see no error and AFFIRM.

**FACTS[2]**

## A.   SRT Helicopters and the Lease with the District

Gadbois formed SRT Helicopters, LLC ("SRT LLC") in California in 2013. He was sole manager of SRT LLC at all relevant times. The SRT LLC Statement of Information filed with the Secretary of State on April 22, 2021 discloses its principal office address as 5215 Minter Field, Shafter, CA 93263. At some point, SRT LLC created a website which identified it as a "full service helicopter company based in Bakersfield, California [which] provide[s] a range of initial flight training, specialized training and commercial operations." On March 1, 2018, the District and "SRT Helicopters" entered into a lease agreement entitled AGREEMENT FOR

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

TENANCY FROM MONTH TO MONTH (the "Lease") for approximately 1,700 sq. ft. of office space. The Lease, which provided for rent of $600 per month, was executed by Gadbois as the representative of "SRT Helicopters."

## B. The bankruptcy filing

Gadbois filed his individual chapter 13 Petition on January 9, 2019. Gadbois testified at trial that the "main reason" for the filing was to stop a foreclosure on real property. He filed his related Schedules A through J and Statement of Financial Affairs at the same time. He amended his Petition, Schedules, and Statement of Financial Affairs four times before the court confirmed his plan. In his then-most-recent version of his Schedules and statements, Gadbois stated under penalty of perjury that (1) he owned an entity called SRT Helicopters, LLC, (2) he was not the sole proprietor of any full- or part-time business, and (3) he did not personally own any business-related property. He apparently included the Lease in his Schedule G using a different address but did not list the District as a creditor.

Based on the information that Gadbois had provided to date, the court confirmed his chapter 13 plan on December 7, 2020. The plan provided for 100% payment to his unsecured creditors, estimated to total $52,406.00.

## C. The District's litigation against SRT LLC

By April 2020, the rent under the Lease was in arrears, and in

3

December 2020, the District filed an unlawful detainer action against SRT LLC. Gadbois concedes that the District did not learn of his personal bankruptcy filing until his attorney sent a letter to the District on January 12, 2021, two years after the Petition was filed, and over a year after the court confirmed his plan.

In February 2021, the District obtained a default judgment against SRT LLC (not Gadbois) for possession and approximately $12,000 in damages. It filed a second complaint against SRT LLC (again, not Gadbois) for breach of contract and obtained a second default judgment for approximately $7,500 in March 2021. The Kern County Sheriff performed a lockout in April 2021, and the District moved the personal property in the location to a storage unit. Subsequently, the District permitted Gadbois to recover some but not all of the property.

**D.      Gadbois' post-confirmation, post-lockout amendments**

Gadbois amended his Schedules three times after the bankruptcy court confirmed his plan. Some of these amendments were diametrically inconsistent with his prior disclosures and materially altered his reported financial condition.

On July 13, 2021, approximately seven months **after plan confirmation and three months after the lockout**, Gadbois for the first time claimed that he owned approximately 15-20 categories of "inventory and equipment at Debtor's Minter Airfield space" worth $49,685. Gadbois did not serve this amendment on the District. This amendment was three

4

months after the District's lockout and a week before Gadbois filed his adversary proceeding. The proof of service does not list the District as being served with the amendment.

Later still, on November 22, 2021, Gadbois claimed for the first time that he owned "business-related property" and identified additional items of personal property with a value of "unknown." Again, he did not serve the amendment on the District.

## E. The adversary proceeding and trial

### 1. The adversary complaint

On July 21, 2021, Gadbois filed an adversary proceeding against the District. The complaint alleged a violation of the automatic stay based on the District's taking possession of the office space and personal property and for the recovery of "estate property." The District timely answered the complaint.

### 2. Trial

On September 15, 2022, the parties executed an Amended Joint Pre-Trial Stipulation for Violation of the Automatic Stay; Recovery of Property of the Estate (the "JPTO"). Trial took place on December 19, 2022. Two witnesses testified and were cross-examined: Gadbois and a representative of the District. All of the exhibits listed in the JPTO were admitted into evidence pursuant to the JPTO.

After Gadbois rested, the District orally moved the bankruptcy court for judgment under Civil Rule 52(c), arguing that Gadbois "should be

5

estopped from taking inconsistent positions to gain an advantage." The District argued that by failing to give it notice of the bankruptcy filing and failing to schedule the assets he now alleged were property of the estate, Gadbois should not be able to assert the opposite now, i.e., that the District was a creditor and that the property was his personally, not that of SRT LLC.

In response to the oral motion, Gadbois acknowledged that "there were mistakes made," that the "dba" was not listed properly, and that "it took a while to properly list the contents," but he argued that the bankruptcy court made a finding when it confirmed the chapter 13 plan that the Petition was filed in good faith. Gadbois appears to have believed that such finding cleansed all his prior activities from any infirmity.[3] Gadbois acknowledged that the Lease was rejected since it was not assumed but insisted that property of the estate under § 541(a) included property acquired postpetition under § 1306 and therefore the rejection was irrelevant.

The bankruptcy court granted the motion from the bench. The court focused at the outset on Gadbois' lack of credibility:

> [T]here are significant and repeated statements that are false with regards to whether he conducts sole proprietorships, has sole proprietorships, whether he has business properties, whether he has a lease -- he has a lease as the Debtor in this bankruptcy case, which is contradicted by his testimony today.

---

[3] This argument was not repeated in Gadbois' briefs and is waived.

And I don't have a good explanation for that. What I've heard is he's a busy man and he travels.

Trial Tr., Dec. 19, 2022, p. 129-30.

The bankruptcy court found that even without the credibility issue, Gadbois "has failed to carry his burden of proof in showing that the [L]ease was entered into with him as an individual, as opposed to SRT Helicopter, LLC." The bankruptcy court concluded with its ruling that Gadbois was "estopped from asserting a claim against this Defendant on the basis of termination of the lease."

The bankruptcy court entered judgment in favor of the District. Gadbois timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in granting the District's motion under Civil Rule 52(c)?

## STANDARDS OF REVIEW

We review the bankruptcy court's findings of fact under Civil Rule 52(c) for clear error and its conclusions of law de novo. *Kuan v. Lund (In re Lund)*, 202 B.R. 127, 129 (9th Cir. BAP 1996). Whether the automatic stay provisions of § 362(a) have been violated is a question of law reviewed de novo. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002).

7

"De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted). When we review a matter de novo, we give no deference to the bankruptcy court's decision. *Id.*

We review the bankruptcy court's decision whether to invoke judicial estoppel for an abuse of discretion. *See Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1044 (9th Cir. 2016). Whether the bankruptcy court properly applied the judicial estoppel doctrine to the facts presented in the case is also reviewed for an abuse of discretion. *See Arconic, Inc. v. APC Inv. Co.*, 969 F.3d 945, 950 (9th Cir. 2020).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

We may affirm on any basis supported by the record. *Caviata Attached Homes, LLC v U.S. Bank, N.A. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012) (citing *Pac. Cap. Bancorp, N.A. v. E. Airport Dev., LLC (In re E. Airport Dev., LLC)*, 443 B.R. 823, 828 (9th Cir. BAP 2011)).

**DISCUSSION**

Gadbois does not argue that the bankruptcy court erred in granting the Civil Rule 52(c) motion on the basis of "estoppel," which we take to mean judicial estoppel. He does not argue that he was prejudiced or denied due process by the sudden end to the trial. He does not argue that he was surprised or prejudiced by the court's consideration of the oral motion or did not receive an appropriate opportunity to oppose it. Rather, Gadbois focuses on the alleged failings of the bankruptcy court's findings that (1) "Gadbois did not carry his burden of proof that Gadbois was the lessee on the subject lease in making its ruling that there was no violation of the automatic stay," and (2) "[the District] was not holding property of the Gadbois bankruptcy estate without applying any legal standard or incorrect legal standard for determination of property of the estate."

**A. The bankruptcy court did not abuse its discretion in granting the Civil Rule 52(c) motion based on judicial estoppel.**

While the bankruptcy court did not discuss the specific requirements of judicial estoppel, we agree that it applies to prevent Gadbois from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced

9

in the position formerly taken by him." *Id.* The Supreme Court noted in *New Hampshire* that there are two factors in determining whether judicial estoppel is appropriate:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled[.]"

*Id.* at 750. (citations omitted).

Both factors are easily met here. Gadbois' bankruptcy Schedules and plan could not be more clear that, on the petition date, he was simply a W-2 employee who owned an LLC, which engaged in a business or, at least, owned flight training equipment and other personal property. The Schedules are replete with statements, made under penalty of perjury, that SRT LLC owned a business which owned property including claims against other entities. To change that position and assert that he personally owned and operated the business and all of its assets as a sole proprietor is completely inconsistent with and contradicts his Schedules, the various preconfirmation amendments, and his chapter 13 plan.

Second, Gadbois asked the bankruptcy court to confirm his chapter 13 plan, which it did. The plan was based on the Schedules and amendments to that date. The chapter 13 trustee relied on those Schedules and amendments when doing her investigation and making her

recommendations to the court. Many of the findings required to be made at confirmation would have come from the Schedules as they existed at that time. The plan itself had no provision for payment of a prepetition or postpetition debt owed to the District. It did not assume or even mention the Lease. It did not account for the value of the business assets. Had Gadbois asserted a direct relationship with the District, the plan would have been different than the one confirmed if for no other reason than, at the time of confirmation, he was behind on the rent then owing to the District. Moreover, Gadbois has not amended (or even offered to amend) the plan based on his new position.

Accordingly, based on Gadbois' change of position regarding the District, the bankruptcy court, the chapter 13 trustee, and the creditors were misled as to the basis for confirming the plan. *New Hampshire* applies, and Gadbois is judicially estopped from asserting the later inconsistent position.

**B.  Even if judicial estoppel did not apply, the Civil Rule 52(c) motion was properly granted because Gadbois did not establish a prima facie case against the District.**

Civil Rule 52(c) states:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of

11

the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Gadbois rested his case before the District made its Civil Rule 52(c) motion; he had been fully heard by that time. His claims are set forth in the JPTO: first, violation of the automatic stay; second, recovery of property of the estate.

Initially, the filing and prosecution of the unlawful detainer could not itself have been a violation of § 362(a)(1) because the defendant in the complaint and throughout the proceedings was the non-debtor SRT LLC. Therefore, it was not an action against the debtor as prohibited by § 362(a)(1). The judgment was against the LLC, not against Gadbois.

Therefore, as the bankruptcy court correctly noted, the issue in both of Gadbois' claims was whether the District violated § 362(a)(3) which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The District concedes that it took and continues to have possession of property but denies that it is property of the estate. To prevail, Gadbois was required to offer evidence which established that the personal property located in the office space was his personal property.

The evidence Gadbois offered at trial, that the property then in the possession of the District belonged to him and not SRT LLC, was primarily his personal testimony. He offered no comprehensive inventory of what was taken, no receipts showing that he, rather than the LLC, purchased the

12

items, and no sufficient evidence of what their value was at the time beyond his own general estimation at trial. Gadbois commented at trial about the approximate value of the flight suits allegedly taken but nothing else that would allow the bankruptcy court to enter a damages award against the District.

Based on what Gadbois submitted to the bankruptcy court, the court could not have made a favorable finding on the issue of ownership of the personal property then in the possession of the District. As the bankruptcy court made a specific finding that Gadbois was not credible, it was appropriate that his testimony was given little to no weight. Thus, there was no error by the bankruptcy court as to its entry of judgment based on Civil Rule 52(c).

**C.** **The bankruptcy court did not err in ruling that Gadbois failed to carry his burden of proof that Gadbois was the lessee on the subject lease.**

Gadbois argues that the bankruptcy court erred in its finding that "Gadbois did not carry his burden of proof that Gadbois was the lessee on the subject lease in making its ruling that there was no violation of the automatic stay." We disagree.

At trial, Gadbois made much of the fact that the representative of the District did not do any background check nor any investigation of Gadbois before executing the lease. In his Opening Brief, he offers no legal support establishing that the District had an obligation to do that or that the failure to do that investigation supported his position that he was the lessee rather

13

than SRT LLC. But the bankruptcy court did not make a finding as to who was the lessee; only that Gadbois did not offer sufficient evidence at trial to permit the court to make a finding on the issue of fact either way. Because Gadbois bore the burden of proof, this was fatal to his case.

Further, Gadbois does not explain how a finding that Gadbois was the lessee personally would have led to a finding that the personal property in the office space belonged to Gadbois rather than the LLC.

Gadbois argues only that, because the bankruptcy court did not make specific findings about the evidence he did offer, the matter should be remanded to the bankruptcy court "for the necessary findings." This argument ignores the fact that the Civil Rule 52(c) motion was granted based solely on estoppel and therefore further findings would not have changed the result.

**D.** **The bankruptcy court did not reach the issue of ownership of the property held by the District, and thus it was not required to "apply a legal standard" for the determination.**

Gadbois also argues that the bankruptcy court erred in finding that the District "was not holding property of the Gadbois bankruptcy estate without applying any legal standard or incorrect legal standard for determination of property of the estate." The argument is difficult to understand. The bankruptcy court did not make a finding that the District was or was not holding property belonging to Gadbois. Gadbois had the burden of establishing that the District held property of the bankruptcy

14

estate. He did not offer sufficient evidence to permit the court to make that finding.

Again, this argument ignores the fact that the Civil Rule 52(c) motion was granted based solely on estoppel. Even assuming Gadbois offered sufficient evidence to permit the bankruptcy court to determine the owner of the property in the District's possession, the result would have been the same.

## CONCLUSION

For these reasons set forth above, we AFFIRM.