**NOT FOR PUBLICATION**

FILED

NOV 09 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. CC-16-1039-FMcTa |
| ) | |
| JOHN THYMES and ) | Bk. No. 2:88-bk-10553-RN |
| SHIRLEY THYMES, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| JOHN THYMES; SHIRLEY THYMES, ) | |
| ) | |
| Appellants. ) | **MEMORANDUM**[*] |
| _____ ) | |

Argued and Submitted on October 21, 2016
at Pasadena, California

Filed – November 9, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Richard M. Neiter, Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Shirley Thymes argued pro se.

_____

Before: FARIS, McKITTRICK,[**] and TAYLOR, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

[**] The Honorable Peter C. McKittrick, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

**INTRODUCTION**

In 1989, the bankruptcy court dismissed a chapter 7[1] case filed by debtors John Anthony Thymes and Shirley Rose Thymes. Twenty-six years later, Debtors sought relief from that order. They attempted to explain their delay by claiming that they never received notice of the order and had been waiting – for two and a half decades – to hear from the bankruptcy court. They have produced no record of what transpired in the bankruptcy court in 1988-89; they have not even provided a copy of the 1989 order from which they seek relief. They have made no cogent legal argument that the bankruptcy court erred in 1989. The bankruptcy court did not err when it refused their 2015 request for relief from the 1989 order. We AFFIRM.

**FACTUAL BACKGROUND[2]**

Debtors filed a chapter 7 petition on May 17, 1988 (the "Chapter 7 Case"). The bankruptcy court dismissed the case on or around July 18, 1989. The official record of that case has been destroyed.

The Chapter 7 Case was only one of several bankruptcy cases filed by Debtors in the 1980s and 1990s. On May 2, 1989, Debtors

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

[2] Debtors present us with a prohibitively limited record. We have exercised our discretion to review the bankruptcy court's docket, as appropriate, see Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008), although the docket contains almost no information about what transpired in 1988-89.

2

filed a chapter 13 petition (the "Chapter 13 Case"). The disposition of the Chapter 13 Case is equally unclear; for example, we do not know whether Debtors' plan was confirmed and consummated or whether they received a discharge. However, Debtors represented that they were paying $1,700 per month as a part of their plan.

On April 3, 2015, twenty-six years after the court dismissed their Chapter 7 Case, Debtors filed a motion to reopen the case ("Motion to Reopen"). They concurrently filed a motion for relief from dismissal under Rule 9024 ("Motion for Relief"). The Motion for Relief argued that Debtors were entitled to a discharge in the Chapter 7 Case and that the dismissal was "unconstitutional and unjust."

The court granted the Motion to Reopen and set a hearing on the Motion for Relief on July 2, 2015.

Debtors did not appear at the July 2 hearing, and the court denied the Motion for Relief. Instead, Debtors appeared in court on July 9 and claimed that they did not receive notice of the July 2 hearing. The court vacated its order denying the Motion for Relief and reset the hearing for August 18. The court later granted Debtors' motion to continue the hearing to September 9.

Following the September 9 hearing, the bankruptcy court denied the Motion for Relief. The court found that: (1) the Chapter 7 Case was dismissed 26 years ago, and the original case files had been destroyed and cannot be retrieved; (2) the time to appeal the dismissal had long expired under Rule 8002; (3) the motion was grossly untimely; (4) the Motion for Relief lacked the relevant information to determine whether Debtors should be

3

relieved from the order dismissing the bankruptcy case and failed to specify the reason for dismissal or even attach a copy of the dismissal order; and (5) Debtors have not shown that they were deprived of due process.

On October 19, 2015, Debtors filed a motion for reconsideration ("Motion for Reconsideration") that essentially restated the same arguments from the Motion for Relief. Among other things, they argued that creditors Metmor Financial, Inc. and Cal-Western Reconveyance Corporation violated the automatic stay and that they were not given notice of the 1989 dismissal.[3]

The court held a hearing on the Motion for Reconsideration. Debtors' oral presentation did little to clarify their arguments. Debtors referenced a debt owed to creditor Metmor Financial but failed to explain it. Further, Debtors also admitted that they did not have any current debt they sought to discharge and that the debt owed to Metmor Financial had been "settled." Debtors insisted that the Chapter 13 Case "is fine" and they're "only here for the Chapter 7, because the Chapter 13 we got a judgment against all these - Metmor and all these agents that we named already. . . . We got a judgment and everything on that. That's been settled."

The court struggled to ascertain what relief Debtors were seeking. After the court explained its tentative ruling to deny the Motion for Reconsideration, Debtors compounded the confusion

---

[3] Debtors also stated that the Motion for Reconsideration was based on two of their other bankruptcy cases (98-bk-03657 and 89-bk-51827) but do not explain the relevance of those cases or whether they were previously raised before the bankruptcy court.

by appearing to agree with the court that the Chapter 7 Case was too old for re-adjudication:

> THE COURT: Well, but the Chapter 7 is old and cold. It's done.
>
> MR. THYMES: Right. That's what I'm saying.
>
> THE COURT: We can't reopen that.
>
> MR. THYMES: Right. So I'm not getting off into all the other cases that we got judgment on already. It's just the Chapter 7 that we're supposed to be here before you, and I just read your tentative ruling and whatnot, and I don't see where any harm or damage could be done here because everything has been settled through all the other means.

Ultimately, the conclusion of the hearing failed to add any clarity to the proceedings:

> THE COURT: Do you deny that you got a discharge in Chapter 7?
>
> MR. THYMES: No, I'm not denying to get a discharge for Chapter 7.
>
> MS. THYMES: What is he asking? What is he asking?
>
> MR. THYMES: But I'm saying at the same time we had two bankruptcies pending.
>
> THE COURT: Okay.
>
> MR. THYMES: Yeah.
>
> THE COURT: So what?
>
> MR. THYMES: So what I'm saying is everything was taken care of through Chapter 13.
>
> THE COURT: Okay. If everything was taken care of, we have nothing to take care of here.
>
> MR. THYMES: Yeah, right.
>
> THE COURT: Thank you.
>
> MR. THYMES: Okay. That's it.
>
> THE COURT: This is -- there is nothing that I see to take care of here.

5

MR. THYMES: Right.

The bankruptcy court adopted its tentative ruling and denied the Motion for Reconsideration. It held that the Motion for Reconsideration did not address any of the grounds for relief enumerated in Civil Rule 60(b) or present any evidence warranting reconsideration and that Debtors failed to provide evidence that the automatic stay or their due process rights were violated.

Debtors timely appealed from the orders denying the Motion for Relief and Motion for Reconsideration.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court erred in denying the Motion for Relief.

(2) Whether the bankruptcy court erred in denying the Motion for Reconsideration.

## STANDARDS OF REVIEW

We review denials of motions for relief under Civil Rule 60(b) for an abuse of discretion. See United States v. Estate of Stonehill, 660 F.3d 415, 443 (9th Cir. 2011). Accordingly, we reverse only where the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible, or without support in inferences that may be drawn from the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

"Whether an appellant's due process rights were violated is

6

a question of law we review de novo." DeLuca v. Seare (In re Seare), 515 B.R. 599, 615 (9th Cir. BAP 2014); see also HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim), 803 F.3d 477, 497 (9th Cir. 2015) ("Whether adequate notice has been given for the purposes of due process is a mixed question of law and fact that we review de novo."). "De novo review requires that we consider a matter anew, as if no decision had been made previously." Francis v. Wallace (In re Francis), 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

## DISCUSSION

**A. Debtors failed to present any information to the bankruptcy court to support the Motion for Relief.**

Debtors provide no record of what transpired in the Chapter 7 Case in 1988-89, before it was closed. The fact that the court's copies of the record were destroyed does not relieve Debtors of their burden to provide us with a complete record on appeal. See Welther v. Donell (In re Oakmore Ranch Mgmt.), 337 B.R. 222, 226 (9th Cir. BAP 2006) (the appellant "bears the burden of presenting a complete record").

Debtors have filed multiple requests for judicial notice, including one on the morning of oral argument and others after the matter was submitted at the conclusion of oral argument.[4] We deny all such requests.

We have not considered the post-argument requests. The

---

[4] On the morning of oral argument, Debtors also filed a motion asking the Panel to vacate a 1991 California superior court judgment. This issue is not before us on appeal, and we thus deny the motion.

7

submission of this matter means that the parties' opportunity to present materials to the Panel has ended. Any submission of a request for judicial notice thereafter is unauthorized and will not be considered.

The documents which they ask us to consider in the pre-argument request include multiple pages of argument, which are really just unauthorized supplemental briefs and are not proper subjects of judicial notice. Debtors also offer a seemingly random collection of papers filed in other proceedings before other federal and state courts. There is no indication that any of those papers were before the bankruptcy court in 1988-89 or in 2015; most (if not all) of them did not even exist until after the bankruptcy court dismissed the Chapter 7 Case in 1989. Finally, Debtors offer copies of summary sheets and the electronic docket in the Chapter 7 Case, but those papers do not help us because they contain no information from 1988-89, other than to note that the Chapter 7 Case was filed and dismissed.

At oral argument, Debtors argued that (1) the trustee had abandoned their case; (2) they want to reopen the Chapter 7 Case; and (3) they want to file a quiet title action. They did not elaborate on any of their arguments or explain why they are entitled to that relief.

Ultimately, we do not know (1) what information was before the bankruptcy court in the Chapter 7 Case in 1988-89; (2) what the bankruptcy court did in the Chapter 7 Case in 1988-89 (other than that the court dismissed the case); or (3) why the court dismissed that case in 1989. In the absence of such information, we cannot say that the bankruptcy court erred in 2015 when it

declined to grant relief from the 1989 order.

**B.    The bankruptcy court did not deny Debtors due process.**

Debtors contend that the bankruptcy court denied them due process because they did not receive notice of the July 2 hearing. Similarly, they claim that they did not receive notice of the 1989 dismissal. We reject these arguments.

Generally speaking, a court must give sufficient notice of its intention to dismiss a case and the opportunity for interested parties to be heard. See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950); Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870 (9th Cir. BAP 2004). Even if a bankruptcy court errs by failing to provide adequate notice and hearing, however, the debtor must show prejudice from the procedural deficiencies. See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 776-77 (9th Cir. 2008); City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.), 22 F.3d 954, 959 (9th Cir. 1994).

Debtors state that the bankruptcy court sent notice of the July 2 hearing to an incorrect address and, as a result, they were denied an opportunity be heard. But even if Debtors did not receive notice of the July 2 hearing, they were not prejudiced. The court promptly vacated the denial of the Motion for Relief and reset the matter for hearing on September 9 at Debtors' request. As far as we can tell, Debtors appeared at the September 9 hearing and were heard.

Debtors also argue that the court denied them due process by failing to give them notice of the dismissal in 1989. Debtors cannot point to anything in the record that confirms their

9

allegation, and they do not identify any prejudice they suffered. Moreover, they slept on their rights for twenty-six years. We thus discern no error.[5]

**C.    Debtors fail to establish a violation of the automatic stay.**

Debtors argue that the California superior court, creditors Metmor Financial and Cal-Western Reconveyance Corporation, and the chapter 7 trustee violated the automatic stay. They provide no information to substantiate or even describe the supposed violations.[6]

Debtors ask us to take judicial notice of the alleged violations of the automatic stay in the Chapter 13 Case. But issues relating to the Chapter 13 Case are not before us on this appeal in the Chapter 7 Case.

Moreover, this appeal relates to the dismissal of the Chapter 7 Case. Any violation of the automatic stay has no bearing on whether the dismissal was proper. Therefore, this argument is irrelevant to the order on appeal.

**D.    Debtors' remaining arguments lack legal and factual support.**

Debtors offer numerous other reasons why the bankruptcy court should have set aside the 1989 dismissal. They argue that the trustee violated the law and Debtors' constitutional rights; the trustee breached his duty to protect Debtors' interest in

---

[5] In light of our discussion concerning the alleged deprivation of due process, we need not address the bankruptcy court's conclusion that no government action occurred.

[6] Some of the documents in Debtors' second request for judicial notice indicate that Cal-Western Reconveyance Corporation foreclosed on Debtors' property. But we do not take judicial notice of these documents for their purported truth.

10

exemptions; the bankruptcy court failed to take judicial notice of Debtors' exhibits; the bankruptcy court lacked jurisdiction; the Chapter 7 Case was "first" and should be the "lead case"; Debtors are judgment-proof and should receive a discharge; excusable neglect justifies the late Motion for Relief; and a creditor's 1989 notice of trustee's sale was fraudulent.

Aside from one-sentence statements of purported errors, Debtors fail to explain the factual or legal bases for their arguments. We will not review arguments on appeal that are not distinctly argued or supported by the record. See Christian Legal Soc. Chapter of Univ. of Cal. v. Wu, 626 F.3d 483, 487 (9th Cir. 2010) (An appellate court "won't consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").

Furthermore, many of these arguments were not presented in any substantial way to the bankruptcy court in the first instance. See Yamada v. Nobel Biocare Holding AG, 825 F.3d 536, 543 (9th Cir. 2016) ("Generally, an appellate court will not hear an issue raised for the first time on appeal.")

And, again, there is no record to tell us what actually happened during the Chapter 7 Case.

Accordingly, we find no error.

**E. The bankruptcy court did not err in denying the Motion for Reconsideration.**

Both in the Motion for Reconsideration and their oral presentation, Debtors merely repeated the arguments raised in the Motion for Relief. They did not present any compelling (or even comprehensible) reason to reconsider the order denying the Motion

11

for Relief.  See Agostini v. Felton, 521 U.S. 203, 257 (1997) ("relitigation of the legal or factual claims underlying the original judgment is not permitted in a Rule 60(b) motion or an appeal therefrom").  Indeed, at the hearing, they agreed with the court that nothing further could be done in the Chapter 7 Case.

The court did not abuse its discretion in denying the Motion for Reconsideration.

## CONCLUSION

For the reasons set forth above, the bankruptcy court properly denied the Motion for Relief and the Motion for Reconsideration.  Accordingly, we AFFIRM.

12